## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1016-JPG |
| | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Medford v. McLaurin*, Case No. 17-cv-243-JPG (S.D. Ill. Sept. 20, 2017) ("Original Action"), Plaintiff Scott Medford, an inmate in Menard Correctional Center ("Menard"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Jail. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), a deliberate indifference claim pertaining to a correctional officer's alleged lack of knowledge in life preservation techniques was severed from that initial action to form the basis for this action, Case No. 17-cv-1016-JPG.

This case is now before the Court for a preliminary review of that claim pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

### **The Complaint**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: C.O. Lazante is not "educated on how to preserve life." (Doc. 2, p. 8). An inmate had a seizure, and Lazante left him on his back while he was seizing. *Id.* Another inmate tended to the seizing inmate in order to prevent him from choking. *Id.*

### **Discussion**

In its Severance Order (Doc. 1), the Court designated the following count to be severed into this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 11 –** Deliberate indifference claim for a correctional officer's lack of knowledge in life preservation techniques.

Count 11 will be dismissed for failure to state a claim upon which relief may be granted.

The Court finds it unnecessary to delve into the merits of Plaintiff's allegations at this time, as he has failed to associate specific defendants with this claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The Court severed this action and included Unknown Party as the defendant because Plaintiff failed to associate any defendant named in the Original Action with this claim. *See* (Doc. 1, pp. 7-8, 9 n.3). The Court noted that it appeared that Plaintiff intended Count 11 to be brought against C.O. Lazante, but without his being included in the case caption or list of defendants, the Court did not assume that Lazante would be the appropriate defendant for this case. *Id.* (citing *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption")).

Without specific allegations against Unknown Party, and no other named defendants associated with Count 11, both Unknown Party and Count 11 will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be granted leave to amend, however, so that he may name the appropriate defendant(s) or, at the very least, revise his deliberate indifference claim to be associated with a specifically designated unnamed defendant.

**Pending Motion**

Plaintiff has filed a Motion for Extension of Time to File a First Amended Complaint. (Doc. 7). Plaintiff asks for an additional 30 days to file his First Amended Complaint. The Motion is DENIED as unnecessary. Until the docketing of this Order, Plaintiff had not been directed to file a First Amended Complaint in *this* action and did not have a pending deadline with respect thereto. However, at the time of filing, Plaintiff did have a pending deadline in one of his other severed cases (17-cv-1015-JPG, and that deadline has been extended). It appears that Plaintiff may have been confused when he requested an extension in the instant case.

**Disposition**

**IT IS HEREBY ORDERED** that the **COMPLAINT**, including **COUNT 11**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **UNKNOWN PARTY** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his deliberate indifference claim (pertaining to lack of familiarity with life saving techniques), within 28 days of the entry of this order (on or before **November 15, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1015-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C.

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

§ 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: October 17, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**