# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-1016-JPG ) |
| C/O LAZANTE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Medford v. McLaurin*, Case No. 17-cv-243-JPG (S.D. Ill. Sept. 20, 2017), Plaintiff Scott Medford, an inmate in Menard Correctional Center ("Menard"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Jail. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), a deliberate indifference claim pertaining to a correctional officer's alleged lack of knowledge in life preservation techniques was severed from that initial action to form the basis for this action, Case No. 17-cv-1016-JPG.

In its Severance Order (Doc. 1), the Court designated the following count to be severed into this *pro se* action.

> **Count 11 –** Deliberate indifference claim for a correctional officer's lack of knowledge in life preservation techniques.

On October 18, 2017, the Court dismissed the Complaint for failure to state a claim upon which relief can be granted. However, Plaintiff was granted leave to file an amended complaint. Plaintiff filed a First Amended Complaint on October 25, 2017. (Doc. 9). The First Amended Complaint is now before the Court for a preliminary review of that claim pursuant to 28 U.S.C.

1

§ 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The First Amended Complaint directs a single allegation against Lazante, a correctional officer. (Doc. 9, p. 4). Plaintiff alleges that Lazante "isn't educated on how to preserve life." *Id.* On a single occasion, another inmate (not the Plaintiff) had a seizure. *Id.* Instead of tending to the inmate, Lazante walked away and a second inmate performed mouth to mouth and ensured that the seizing inmate did not asphyxiate. *Id.* In connection with this claim, Plaintiff seeks monetary relief and an injunction requiring officials at Menard to fix the grievance procedure.

(Doc. 9, p. 5).

## Discussion

Plaintiff is attempting to assert a deliberate indifference claim on behalf of another prisoner. Plaintiff, however, has no standing to assert the rights of other prisoners and may only challenge violations of his own rights. *See Singleton v. Wulff*, 428 U.S. 106 (1976) (generally, one may not claim standing to vindicate constitutional rights of a third party); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)); *Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986) ("Ordinarily a litigant may present only his own rights as basis of relief; *jus tertii* litigation depends on some hindrance to first party litigation...."). Thus, in order to bring an actionable claim for relief, "[a] prisoner must allege a personal loss[;] ... [he] lacks standing to bring claims alleging mistreatment of other prisoners." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Plaintiff has not alleged a personal loss. Instead, he alleges that Defendant failed to provide another prisoner with medical treatment. Plaintiff has no standing to sue over lack of medical treatment for another inmate, and this allegation does not entitle Plaintiff to any relief under § 1983. Therefore, he has failed to state a claim, and this action shall be dismissed with prejudice.

## Pending Motion

Plaintiff's Motion for Appointment of Counsel (Doc. 10) is **DENIED** as **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that the **ACTION** is **DISMISSED** with prejudice for

3

failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to close the case and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**
